FILED

2007 May-16  AM 10:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| CHRISTI HARRIS, )  | |
| )  | |
| **Plaintiff,** )  | |
| )  | |
| vs. )  | |
| )  | **Civil Action No. 05-S-1585-NE** |
| HONDA MANUFACTURING )  | |
| OF ALABAMA, LLC, and TRI )  | |
| STAFFING, INC., )  | |
| )  | |
| **Defendants.** )  | |

## MEMORANDUM OPINION AND ORDER

This case, in which plaintiff asserted clams under the Americans with Disabilities Act ("ADA"), is before the court on plaintiff's motion to alter, amend, or vacate the order and memorandum opinion granting defendants' motions for summary judgment.[1]  Plaintiff suggests that the court's decision to grant summary judgment was "based on a factual error."[2]  The motion will be denied.

## I.  BACKGROUND

Plaintiff's ADA claim was predicated upon a theory that defendants, Honda Manufacturing of Alabama, LLC ("HMA"), and TRI Staffing, Inc. ("TRI"), refused

---

[1] Doc. no. 38 (Plaintiff's Motion to Alter, Amend, or Vacate).  *See also* doc. no. 36 (Memorandum Opinion on Summary Judgment); doc. no. 37 (Order Granting Summary Judgment); doc. no. 23 (Defendant TRI's Motion for Summary Judgment); doc. no. 26 (Defendant HMA's Motion for Summary Judgment).

[2] Doc. no. 38, ¶ 3.

to hire her for a position at HMA's Lincoln, Alabama manufacturing facility because they *regarded* her as suffering from cerebral palsy — a condition that defendants allegedly *perceived* as substantially limiting her ability to perform fine motor movements with her right hand and, thus, her ability to work.[3] *See Sutton v. United Air Lines*, *Inc*., 527 U.S. 471, 489 (1999) (explaining that a person may fall within the ADA's definition of "disability" if "a covered entity mistakenly believes that an actual, nonlimiting impairment substantially limits one or more major life activities"); *Cash v. Smith*, 231 F.3d 1301, 1306 (11th Cir. 2000) (accepting "working" as a "major life activity"); 29 C.F.R. § 1630.2(i) (same).

In the previous memorandum opinion, the court explained how this claim would require proof, *first*, that defendants regarded plaintiff as suffering from an impairment; and *second*, that this perceived impairment "'significantly restricted [plaintiff] in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills, and abilities.'" *Carruthers v. BSA Advertising*, *Inc.*, 357 F.3d 1213, 1216 (11th Cir. 2004) (quoting with approval 29 C.F.R. § 1630.2(j)(3)(i)). *See also Hilburn v. Murata Electronics North America*, *Inc.*, 181 F.3d 1220, 1227 (11th Cir. 1999); *Gordon v. E.L. Hamm & Associates*, *Inc*., 100 F.3d 907, 913 (11th Cir. 1996) (noting

---

[3] *See*, *e.g.*, doc. no. 1 (Complaint), ¶ 45.

that, "[a]s with real impairments, courts have held that a perceived impairment must be substantially limiting and significant").  The court prefaced its analysis on summary judgment by concluding that plaintiff "has sufficient evidence to create a jury question on the issue of whether the alleged decision-maker . . . regarded her as suffering from an 'impairment.'"[4]  Accordingly, the discussion was limited to "whether the impairment, as [TRI] perceived it, [wa]s one that would 'substantially limit' [plaintiff] in the major life activity of 'working.'"[5]  Based on the evidence presented (or the lack thereof), the court held no reasonable juror could so find.

The reasons for this holding were two-fold.  First, the court found insufficient evidence establishing that the officials at TRI regarded plaintiff as unable to perform *all* or *most* manufacturing-class jobs at HMA; instead, the court viewed the evidence as implying that, if TRI truly refused to allow plaintiff to continue her application process, it was because they felt she was unable to perform a discrete subset of jobs within the larger set of manufacturing positions at HMA.  Second, and more critically, the court relied upon plaintiff's total failure to make any argument, or submit any evidence, indicating that the perceptions allegedly harbored by HMA and TRI as to her physical limitations, if accurate, would disqualify her from other manufacturing-

---

[4] Doc. no. 36, p. 19.

[5] *Id.*

class jobs at other employers in the general vicinity of her residence.

Plaintiff responds to both aspects of the court's holdings in her motion to alter, amend, or vacate.  According to her, "these conclusions ignore the evidence in the record . . . demonstrating that TRI regarded Ms. Harris's cerebral palsy as precluding her from working in *all* production jobs at Honda and in the area."[6]  Conversely, according to defendants, "[t]his Court has already thoroughly and exhaustively reviewed the evidence surrounding Plaintiff's failure to present evidence addressing the impact of her allegedly perceived impairment on her ability to perform jobs, whether at HMA or any other similarly situated jobs in the area."[7]  The court tends to agree with defendants, but will nevertheless attempt to briefly restate the reasons for its holding.

## II.  DISCUSSION

### A.    Standard of Review

Before reaching the substantive analysis, the court pauses to recite the standard of review.  The present motion is brought under Federal Rule of Civil Procedure 59(e).  Professors Wright, Miller, and Kane have succinctly summarized the purpose

---

[6] Doc. no. 38, ¶ 8 (emphasis in original).

[7] Doc. no. 40 (Defendant TRI's Opposition to Plaintiff's Rule 59(e) Motion), ¶ 8.  *See also* doc. no. 41 (Defendant HMA's Opposition to Plaintiffs Rule 59(e) Motion), p. 4 (characterizing plaintiff's motion as an attempt "to misinterpret record facts and to raise arguments not set forth at summary judgment").

and scope of Rule 59(e), as well as the standards for adjudication of motions made

thereunder:

> Since specific grounds for a motion to amend or alter are not
> listed in the rule, the district court enjoys considerable discretion in
> granting or denying the motion.   However, reconsideration of a
> judgment after its entry is an extraordinary remedy which should be used
> sparingly.   There are four basic grounds upon which a Rule 59(e) motion
> may be granted.   First, the movant may demonstrate that the motion is
> necessary to correct manifest errors of law or fact upon which the
> judgment is based.   Second, the motion may be granted so that the
> moving party may present newly discovered or previously unavailable
> evidence.   Third, the motion will be granted if necessary to prevent
> manifest injustice. . . . Fourth, a Rule 59(e) motion may be justified by
> an intervening change in controlling law.
>
> The Rule 59(e) motion may not be used to relitigate old matters,
> or to raise arguments or present evidence that could have been raised
> prior to the entry of judgment.   Also, amendment of the judgment will
> be denied if it would serve no useful purpose.   In practice, because of
> the narrow purposes for which they are intended, Rule 59(e) motions
> typically are denied.

11 Wright, Miller & Kane, *Federal Practice & Procedure* § 2810.1 (2d ed. 2006)

(footnotes omitted).  *See also*, *e.g.*, *Mincey v. Head,* 206 F.3d 1106, 1137 n.69 (11th

Cir. 2000).

## B.   Plaintiff's Arguments

### 1.   Internal disqualification

Plaintiff's chief complaint is that this court's articulation of the scope of her

perceived disqualification from positions *at HMA* was too miserly.[8]  What is critical to understand, however, is that the court only spent so much time discussing internal disqualification because plaintiff insisted that the relevant class of jobs was "any of the assignments at Honda."[9]  The court refused to rely upon that "unorthodox"[10] construction of the pertinent grouping since, by definition, "[a] class of jobs consists of *jobs in the geographic area in which the plaintiff resides* that utilize 'similar training, knowledge, skills or abilities.'" *Witter v. Delta Air Lines*, *Inc.*, 130 F.3d 1366, 1370 (11th Cir. 1998) (emphasis supplied) (quoting 29 C.F.R. § 1630.2(j)(3)(ii)(B)).  This reasoning was reinforced with a lengthy discussion of how the courts "consider all positions within a particular field of work before determining that an individual's impairment (be it real or imagined) renders them substantially limited in their ability to perform work in that field."[11]  In that regard, the court felt it was noteworthy that plaintiff's evidence of broad disqualification from positions within *her* selected field — *i.e.*, "any of the assignments at Honda"[12] — was weak.

Inclusion of this observation was plainly superfluous, given the fact that "any

---

[8] As a form of short-hand, the court termed negative perceptions related to plaintiff's ability to work at her employer of choice "internal disqualification," and negative perceptions related to her candidacy at other similar employers "external disqualification."  *See* doc. no. 36, p. 28.

[9] Doc. no. 29 (Plaintiff's Brief in Opposition to Summary Judgment), p. 11.

[10] Doc. no. 36, p. 21.

[11] *Id*. at p. 24.

[12] Doc. no. 29, p. 11.

of the assignments at Honda" is not a proper class of jobs, and the absence of any evidence as to disqualification from similar jobs at other employers.  Nevertheless, without recognizing its superfluity, plaintiff argues that this observation also was *inaccurate*; or, at the very least, open to debate.  To substantiate her claim, she points to a passage from TRI representative Gloria Keel's deposition (not mentioned in plaintiff's briefs or the court's memorandum opinion, but included in the record), in which Keel states that "*all the jobs*" in the production department at HMA require "repetitive work with [the] hands."[13]

The court need not address the impact of this testimony.  Even if it tangentially suggested that the perception of plaintiff's internal disqualification was broader than set forth in the court's opinion — and this observation is not intended as such a concession — the fact of the matter is that any error in that regard would not alter the result in this case.  *See* Fed. R. Civ. P. 61 ("[N]o error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for . . . vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice.  The court at every stage of the proceedings must disregard any error or defect in the

---

[13] Doc. no. 38, ¶ 6(a) (emphasis in original) (quoting Deposition of Gloria Keel, p. 66, lines 8-16).

proceedings which does not affect the substantial rights of the parties."). *See also* 11 Wright, Miller & Kane, *Federal Practice & Procedure* § 2810.1 (noting that "amendment of the judgment will be denied if it would serve no useful purpose"). As alluded to above, and as discussed more fully below, the court's judgment can and does rest on the conclusion that plaintiff produced no evidence of *external* disqualification.

### 2.     External disqualification

Plaintiff has shown a chronic tendency in this case to overlook the fact that, to qualify for protection under the ADA, "an impairment must preclude — or at least be perceived to preclude — an individual from more than one type of job, even if the job foreclosed is the individual's job of choice." *Carruthers*, 357 F.3d at 1216. *See also Hillsborough County School Board*, 146 F.3d 855, 857 (11th Cir. 1998) ("The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working."). "[T]he proper test is whether the impairment, as perceived, would affect the individual's ability to find work across a class of jobs or broad range of jobs in various classes." *EEOC v. Joslyn Manufacturing Co.*, No. 95-C-4956, 1996 WL 400037, at * 6 (N.D. Ill. July 15, 1996) (citing 29 C.F.R. § 1630.2(j)(3)(i)). Therefore, "[t]he plaintiff must show not only that her employer perceived her as unable to perform the relevant 'class of jobs,' but that she is *also*

unable to perform *other jobs in the area* that utilized 'similar training, knowledge, skills or abilities.'" *Blundell v. Health Care Authority of the City of Huntsville*, 140 Fed. Appx. 154, 156 (11th Cir. 2005) (emphasis supplied) (citation omitted). *See also Witter v. Delta Air Lines, Inc.*, 130 F.3d 1366, 1370 (11th Cir. 1998) ("A class of jobs consists of jobs in the geographic area in which the plaintiff resides that utilize 'similar training, knowledge, skills or abilities.'") (quoting 29 C.F.R. § 1630.2(j)(3)(ii)(B)).

Plaintiff's Rule 59(e) motion hardly mentions the court's holding that there was a total and complete lack of external disqualification in this case, at least beyond stating in a conclusory manner that the court had to "ignore the evidence in the record" to reach it.[14] That is simply not the case. Plaintiff's opposition to summary judgment did not contain an evidentiary submission, and there was not a shred of evidence in defendants' submissions that even halfway addressed whether plaintiff would be disqualified for other manufacturing-class jobs if TRI's alleged perceptions of her limitations were accurate.[15] Presumably, this is because all along, plaintiff's

---

[14] Doc. no. 38, ¶ 8.

[15] In her motion, plaintiff claims that TRI (who also markets temporary workers to other similar firms) marked her "do not hire" or "do not rehire." Doc. no. 38, ¶ 7. As noted by defendants, there is no support for this claim in the record. Although plaintiff's counsel *asked* one TRI representative whether that designation was used, the answer was plain and unequivocal: "She was not marked 'do not hire.'" Doc. no. 25 (Defendant TRI's Evidentiary Submission), Ex. 1 (Deposition of James Nolen), p. 29, lines 17-19. Plaintiff has not identified any other piece of evidence that indicates the application of a "do not hire" or "do not rehire" label.

misguided theory of the case has been that she was substantially limited in the narrow class of jobs comprised of "*any of the assignments at Honda*."[16] As already discussed at length, however, the law requires a broad definition of the class, followed by an inquiry into plaintiff's eligibility for all jobs within that class that exist in the same geographic area. *See*, *e.g.*, *Witter*, 130 F.3d at 1370. Since there was no evidence before the court at summary judgment indicating what other manufacturing-class jobs existed in the vicinity of plaintiff's residence, the court's inquiry obviously was of an abbreviated nature. The conclusion was that plaintiff failed to establish that TRI's alleged perceptions of her limitations, if shared by other employers in the same geographic area, would render her ineligible for manufacturing-class positions at their places of business. Stated slightly differently, the court could not discern from the evidence presented (or the lack thereof) whether the skills plaintiff allegedly lacked would be essential in all or most manufacturing-class jobs in the vicinity of her residence.

    In her motion, plaintiff produces no additional evidence on this point. As mentioned above, she alleges briefly that the court "ignore[d]" record evidence as to her alleged disqualification from "*all* production jobs . . . *in the area*,"[17] but does not

---

[16] Doc. no. 29, p. 11 (emphasis supplied).

[17] Doc. no. 38, ¶ 8 (second emphasis supplied).

even attempt to explain *what* evidence was overlooked that might flesh out this critical issue.  She also analyzes two Fifth Circuit cases, *Rodriguez v. ConAgra Grocery Products Co.*, 436 F.3d 468 (5th Cir. 2006) and *EEOC v. E.I. DuPont de Nemours & Co.*, 480 F.3d 724 (5th Cir. 2007), but neither purports to hold that a plaintiff may establish a substantial limitation in the major life activity of working without proof that a perceived impairment would have some impact on employment prospects in different positions within the same class as the one at issue.

In *Rodriguez*, for instance, the court relied heavily on testimony of a medical doctor in concluding that the plaintiff was perceived as substantially limited in a broad class of jobs:

> Dr. Morris testified that the results of Rodriguez's urinalysis made him unfit to perform *any* manual labor job.  In Dr. Morris's own words, "[O]utside of a padded room where he could even then fall and break his neck from dizziness or fainting, I don't know that there would be a safe environment that we could construct."

*Rodriguez*, 436 F.3d at 477 (emphasis in original).  Of course, there is nothing close to this sort of testimony in the present record.

*DuPont* is inapposite for another reason:  that case involved the major life activity of "walking," not "working."  *See DuPont*, 480 F.3d at 730 (holding that "for ADA purposes, DuPont regarded Barrios as substantially limited in the major life activity of walking").  When "walking" is the major life activity at issue, the inquiry

into disqualification from a broad "class of jobs" spanning multiple employers within a given geographic area obviously has no relevance.  *See*, *e.g.*, 29 C.F.R. § 1630.2(j)(3)(ii) (prefacing the "class of jobs" test with the caveat that it applies "to the major life activity of *working*") (emphasis supplied).

### III.  CONCLUSION

In sum, plaintiff has failed to present any cognizable ground for altering, amending, or vacating this court's previous disposition of her claims.  Accordingly, her motion to that effect is due to be, and the same hereby is, DENIED.

DONE this 16th day of May, 2007.

United States District Judge